IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BROOKE DURANEY,<br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br><br>RACCOON TOWNSHIP, A Political<br>Subdivision and Municipal Corporation;<br>ROBERT SPRINGER, Individually and as<br>Chairman of the Board of Supervisors of<br>Raccoon Twp.; ED MALLOY, Individually<br>and as Supervisor of Raccoon Twp.; JOHN<br>MOORE, Individually and as Supervisor of<br>Raccoon Twp.,<br>　　　　　　　　Defendants. | )<br>)<br>)<br>) 02: 10-cv-0995<br>) Judge Terrence F. McVerry/<br>) U.S. Magistrate Judge Francis X. Caiazza<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **ORDER**

**AND NOW**, this 23rd day of May, 2011, the Plaintiff, Brooke Duraney, having filed a Complaint [ECF No. 3] in this matter, the Defendants responded by filing a Motion to Dismiss Pursuant to Rule 12 (b)(6) to be Treated as a Motion for Summary Judgment [ECF No. 6]. A Report and Recommendation [ECF No. 21] was filed by the Magistrate Judge granting the parties until May 20, 2011 to file Objections. Timely Objections were filed by the Plaintiff [ECF No. 23]. These Objections do nothing more than repeat and summarily contest each of the Magistrate Judge's conclusions. The Court finds, therefore, that these Objections lack merit. Upon independent review of the record, and upon consideration of the Magistrate Judge's Report and Recommendation that the Defendants' Motion be granted, which is adopted as the opinion of this Court,

**IT IS HEREBY ORDERED** that the Defendants' Motion to Dismiss with respect to Counts III and IV of the Complaint [ECF. No. 6], and the Motion for Summary Judgment [ECF No. 6] are **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Leave to File an Amended Complaint [ECF No. 24] is **DENIED**.[1] The time for amending the Complaint as a matter of right, has passed. See Fed. R. Civ. P. 15(a) (1) (A) and (B). Rule 15(a) (2) of the Federal Rules of Civil Procedure states that a court "should freely give leave [to amend a complaint] when justice so requires." A motion to amend should be denied only where there is evidence of "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . ." Comm'r of Dept. of Planning and Nat. Res. v. Century Alumina Co., LLP, No 05-0062, 2009 WL 2241788 at * 1 (July 23, 2009) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). The Court has reviewed the proposed Amended Complaint [ECF. No. 25], and concludes that permitting it to be filed would be futile as the modifications made correct none of the deficiencies noted in the Magistrate Judge's Report and Recommendation. Accordingly, the Amended Complaint [ECF No. 25] and Affidavit [ECF No. 26] are stricken from the docket.

---

[1] A Motion for Leave to File an Amended Complaint is ordinarily a non-dispositive motion. See 28 U.S.C. § 636(b)(1)(A). If, however, denial of a motion to amend disposes of a claim, the ruling should be viewed as dispositive. See Cont'l Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245. 251 (3d Cir. 1998).

**IT IS FURTHER ORDERED** that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, should the Plaintiff desire to appeal from this Order, she must do so within thirty (30) days by filing a notice of appeal as provided in Fed. R. App. P. 3.

The Clerk is directed to mark this matter closed.

BY THE COURT:

s/ Terrence F. McVerry
United States District Judge


cc: Counsel of Record via CMECF